Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 235-0539
Fax: (602) 266-0141
Lisa@splaw.net
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Freitag,<br><br>                                          Plaintiff,<br><br>vs.<br><br>The Lincoln National Life Insurance<br>Company, The Short Term Disability Plan<br>of International Color Services,<br><br>                                          Defendants. | Case No.<br><br>**COMPLAINT** |

For his claim against Defendants, William Freitag ("Freitag") alleges as follows:

### PARTIES

1.      Freitag is a resident of Maricopa County, Arizona.

2.      Defendant The Short Term Disability Plan of International Color Services, Inc. ("the Plan") is a purported ERISA benefit plan that offers short term disability (aka ("Weekly Disability Income Insurance') (STD) benefits to employees of International Color Services, Inc. ("ICS")

3.      Defendant The Lincoln National Life Insurance Company ("Lincoln") is an insurance company with its principal place of business in Fort Wayne, Indiana.  Lincoln's group claims are handled from its Omaha, Nebraska location.  Lincoln is authorized to and does business in Maricopa County, Arizona.

4.      Lincoln issued a group short-term disability policy ("STD Policy") to ICS, Policy no. 000010178625.

5.      Lincoln is the claim administrator and is also a Plan Fiduciary as defined by ERISA, 29 U.S.C. § 1002(21)(A).

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Lincoln and the Plan by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because Lincoln the Plan have caused events to occur in Arizona out of which Freitag's claims arise.

7.      This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), and 28 U.S.C. § 1331 (federal question).

8.      Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974.

## FACTUAL BACKGROUND

9.      Lincoln issued the Policy to Apollo, effective August 1, 2013.

10.     Freitag worked for ICS as a Mac Operator.  His position required him to sit constantly during his workday.

11.     The Policy provides STD benefits to Freitag beginning the fifteenth consecutive day of disability and ending after 13 weeks.  Under the terms of the Policy, Freitag's entitlement to benefits would begin on January 18, 2014.

12.     The Policy defines "Total Disability" as the insured's inability due to sickness to perform each of the "Main Duties" of his "Own Occupation."

13.     The Policy defines "Main Duties" as the job tasks that: (1) are normally required to perform the insured's own occupation and could not reasonably be modified or omitted.

14.     The Policy defines the insured's "Own Occupation" as the occupation, trade or profession in which the insured was employed prior to disability which was the main source of earned income prior to disability.

15.     The main duties of Freitag's position require that he operate a Mac Computer constantly, use computer technology and software, design, layout and produce graphic copy, review preliminary and final drafts for errors and make error corrections and corrections to style and format requested by clients.  The job also requires attention to detail, flexibility, and requires the ability to regularly attend work.

16.     Under the terms of the Policy, Freitag is entitled to a weekly benefit amount of $613.00, which equals 60% of his weekly earnings.

17.     Before he became disabled, Freitag had been diagnosed with Scheuermann's disease, a congenital deformity of the thoracic or thoracolumbar spine that results in increased kyphosis or exaggerated curvature or rounding of the back.

18.     Freitag experienced mild back pain for years as a result of Scheuermann's.  He was able to keep his pain and discomfort under control through a variety of techniques.  He was very conscious of his posture and continuously worked on sitting and standing straight to fight the proclivity of his spine to curve.

19.     Freitag exercised religiously to keep his back muscles strong.  He was very active, he golfed, played tennis and wind surfed.

20.     In late 2007-early 2008, Freitag found that his exercise and stretching were not keeping his pain and discomfort at bay, he tried Traumeel injection therapy that did not assist him.

21.     He increased his exercise and successfully increased the muscle strength in his back to the point that he was feeling very well.

22.     On April 2, 2008, Freitag was injured in a collision that was the fault of the other driver, who ran a red light.

23.     Following the collision, he experienced continued discomfort in the area affected by Scheuermann's.  In addition, however, he began suffering from lower back pain.

24.     Between 2008 and 2014, Freitag has had numerous diagnostic examinations, undergone multiple procedures, and has consulted with multiple physicians, surgeons, physical therapists and chiropractors.  He has tried any therapy suggested to him.

25.     Medications have generally failed to control Freitag's pain.  He currently takes Tramadol that assists with pain control; however, it causes him to have insomnia.

26.     Freitag brought numerous aids into work to assist him in being able to work with as little pain as possible.

27.     Ultimately, he was unable to continue working.  The requirement that he sit or stand for his entire shift is incompatible with his physical abilities.

28.     Freitag submitted a claim for STD benefits effective January 4, 2014.  He received STD benefits starting on January 18, 2014 and was only paid benefits through February 13, 2014 for a total of one-day short of four weeks of benefits.

29.     Lincoln denied Freitag any further benefits under the STD policy by a letter dated March 24, 2014.

30.     Lincoln's termination identified the following reasons for its denial:

> In summary, the medical documentation contained in [Freitag's] claim file does not support Total Disability as defined by this policy:  Your physical exams on 2/3/14 and 3/6/2014 were unremarkable.  Your xrays showed your condition was unchanged since the date of your motor vehicle accident. We find that the frequency with which you received treatment and severity of symptoms described in the treatment records do not support a totally disabling condition. Your nature of treatment has been conservative and we have not received any other information, including testing results that would show restrictions and limitations that would prevent you from performing the main duties of your occupation. As a result, no benefits are payable beyond 2/13/2014.

31.     Freitag appealed Lincoln's denial on December 4, 2014.

32.     Lincoln did not render a decision on Freitag's appeal and his claim is, therefore, deemed exhausted.

33.     Freitag remained disabled under the terms of the STD Policy.

34.     Freitag is and remains disabled under the terms of the LTD Policy.

35.     Freitag has performed all obligations required of him under the Policy, and the Policy was effective and in force at all relevant times.

36.     Freitag has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

**COUNT I**

**FAILURE TO PAY PLAN BENEFITS**

37.     Freitag incorporates and re-alleges all previous allegations.

38.     Freitag's benefits are defined by the information contained in the Policy.

39.     Freitag became disabled in January 2014 and continued to be disabled for the full 13 weeks of disability, through April 18, 2014.  Freitag is owed $5,517 in STD benefits.

40.     Despite the coverage of Freitag's STD insurance, Lincoln has improperly denied him STD benefits in breach of the Policy. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and was clearly erroneous.

41.     Pursuant to the coverage provided in the Policy, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Freitag is entitled to recover all benefits due under the terms of the Policy, and to enforce his rights under its terms. Freitag is further entitled, pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of his rights to future benefits under the Policy.

42.     Pursuant to 29 U.S.C. § 1132(g), Freitag is entitled to recover his attorneys' fees and costs incurred herein from Lincoln.

43.     Freitag is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled under A.R.S. § 20-462.

**COUNT II**

**DECLARATORY RELIEF**

44.     Freitag incorporates and re-alleges all previous allegations.

45.     In order to qualify for long-term disability benefits, on information and belief, Freitag must be disabled for the term of his STD benefits, i.e., 13 weeks.

46.     Freitag is entitled to a declaration from the Court that he was disabled for the entire 13-week term of his STD Benefits.

47.     Because Lincoln did not pay Freitag his STD benefits, he was never able to file a claim for long-term disability benefits.

48.     Freitag seeks an order from the Court finding that Freitag exhausted his STD claims and remanding the case to Lincoln to consider Freitag's claim for LTD benefits.

WHEREFORE, Freitag prays for entry of judgment against Defendants as follows:

A.     For all past and future benefits due to Freitag under the terms of the Policy;

B.     Enforcing Freitag's rights under the terms of the Policy;

C.     Clarifying and determining Freitag's rights to future benefits under the terms of the Policy;

D.     A declaration finding that Freitag was disabled for the entire STD benefit period;

E.     An order remanding Freitag's claim to Lincoln to consider his eligibility for long-term disability benefits;

F.     For an award of Freitag's attorneys' fees and costs incurred herein;

G.     For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

H.     For such other and further relief as the Court deems just and reasonable.

Dated this 20th day of July 2016.

SCHIFFMAN PUIG, P.C.


By: s/ Lisa J. Counters
     Lisa J. Counters

-6-